IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02677-BNB

LARRY C. MILLER,

    Plaintiff,

v.

CDOC EXECUTIVE DIRECTOR TOM CLEMENTS,
CORRECTIONS CORPORATION OF AMERICA (CCA),
WARDEN MILLER, Crowley County Corrections Facility (CCCF),
CAPTAIN KASTELIC, Shift Commander CCCF,
INMATE DANIEL REIMER #98949, CCCF/Denver Parole,
LT. RIDGWELL, CCCF-5 Hearings Officer, AND
INVESTIGATOR BROWNSTEIN, CCCF Security/Investigations,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Larry C. Miller, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Miller has filed *pro se* a complaint (ECF No. 1) asserting claims that arose while he was incarcerated at the Crowley County Correctional Facility (CCCF) in Olney Springs, Colorado. The court must construe the complaint liberally because Mr. Miller is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Miller will be ordered to file an amended complaint if he wishes to pursue claims against all of the named Defendants in this action.

Mr. Miller alleges in the complaint that he was transferred to the CCCF on July 16, 2012, and that he was placed in a housing unit that is a management pod for gang members.  He further alleges that he immediately began to experience problems because he is a sex offender and that other inmates in the housing unit, including Defendant Daniel Reimer, his cellmate, threatened him.  Mr. Miller asserts that he sought help from prison officials including Defendant Captain Kastelic regarding the danger he faced from other inmates, but that Captain Kastelic refused to move him to another unit and threatened to place Mr. Miller in segregation if he refused his housing assignment.  According to Mr. Miller, he was beaten, kicked, and choked by Mr. Reimer after he returned to his cell.  Despite the fact that Mr. Miller alleges he acted in self-defense, he alleges that he was charged with and convicted of the disciplinary offenses of fighting and having a contraband weapon.

Mr. Miller asserts twelve claims for relief in the complaint.  The first six claims are state law tort claims asserted against Mr. Reimer.  Mr. Miller's seventh claim is an Eighth Amendment failure to protect claim asserted against Captain Kastelic.  In claims eight, nine, and ten, Mr. Miller alleges that DOC Executive Director Tom Clements, Corrections Corporation of America, and CCCF Warden Miller are liable for the alleged Eighth Amendment violation committed by Captain Kastelic.  Claims eleven and twelve raise due process issues regarding the disciplinary convictions and are asserted against Defendants Lieutenant Ridgwell and Investigator Brownstein.

The court has reviewed the complaint and finds that the complaint is deficient in certain respects.  For one thing, although Mr. Miller provides an address for Mr. Reimer, the address he provides is at the CCCF even though Mr. Reimer apparently no longer is

incarcerated and allegedly has been paroled to the Denver area. (*See* ECF No. 1 at 3.) Mr. Miller is advised that he must provide a current address for each named Defendant so that each Defendant can be properly served.

The complaint also is deficient because Mr. Miller fails to allege facts that demonstrate each of the named Defendants personally participated in the asserted constitutional violations. In particular, Mr. Miller may not hold DOC Executive Director Tom Clements or CCCF Warden Miller liable based on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Similarly, Mr. Miller also may not hold Corrections Corporation of America liable on a theory of respondeat superior. *See Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005). In order to state a cognizable claim against Corrections Corporation of America for the actions of Captain Kastelic, Mr. Miller "must

show that CCA directly caused the constitutional violation by instituting an official municipal policy of some nature that was the direct cause or moving force behind the constitutional violation." *Id.* (internal citation and quotation marks omitted).

If Mr. Miller wishes to pursue a constitutional claim or claims against DOC Executive Director Tom Clements, Corrections Corporation of America, and CCCF Warden Miller, he must file an amended complaint that identifies what those Defendants did that allegedly violated his constitutional rights. Mr. Miller is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Miller should name as Defendants only those persons he contends actually violated his federal constitutional rights.

To summarize, Mr. Miller must file an amended complaint that complies with this order if he wishes to pursue a claim or claims against DOC Executive Director Tom Clements, Corrections Corporation of America, or CCCF Warden Miller. Mr. Miller is not required to file an amended complaint if he elects to pursue only his claims against the other Defendants as set forth in the complaint filed in this action on October 9, 2012. Accordingly, it is

ORDERED that Mr. Miller file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order if he wishes to pursue a claim or claims against DOC Executive Director Tom Clements, Corrections Corporation of America, or CCCF Warden Miller. It is

FURTHER ORDERED that Mr. Miller shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Miller fails to file an amended complaint that complies with this order within the time allowed, DOC Executive Director Tom Clements, Corrections Corporation of America, and CCCF Warden Miller will be dismissed as parties to this action without further notice.

DATED November 30, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge