IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

      Plaintiff,

v.

CAPTAIN KASTELIC,
DANIEL REIMER, and
LT. RIDGWELL,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 11, 2013.**

      Pending before the Court are Plaintiff's Motion to Rectify a Safety Issue Re: Civil Case # 1:12-cv-02677-CMA-MEH [filed April 8, 2013; docket #47] and Plaintiff's Motion to Rectify a Safety Issue Related to Case No. 1:12-cv-02677-CMA-MEH [filed April 10, 2013; docket #52]. The Motions are **denied without prejudice** for both procedural and substantive reasons.

      At the outset, the Court observes that Plaintiff has not complied with Fed. R. Civ. P. 5(a)(1)(D) and D.C. Colo. LCivR 5.1G. Rule 5(a)(1)(D) requires that a written motion filed with the Court must be served on every party. Local Rule 5.1G requires, in pertinent part, that "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service." In docket #47, Plaintiff represents that he mailed courtesy copies of the Motion to Governor Hickenlooper, the Colorado State Parole Board, and the Acting Executive Director of CDOC. However, Plaintiff is obligated to provide service to all *parties*. It is not clear from the face of the Motions that he has done so.[1]

      Second, Plaintiff's Motions seek relief based on a number of allegations that are not contained in his Complaint. Given the timing of Defendant Ridgwell's Motion to Dismiss [docket #38], Plaintiff may amend his pleading as a matter of course until April 9, 2013. *See* Fed. R. Civ. P. 15(a)(1). However, the Court finds that construing either document as an amended pleading would significantly prejudice Plaintiff. Thus, the Court declines do to so. If Plaintiff desires to amend his complaint, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2).

---

      [1]The Court observes the same deficiency regarding Plaintiff's Letter "Re: Extension of Time" [docket #49], "Plaintiff's Motion to Dismiss Plaintiff (sic) Brownstein from Civil Case" [docket #48], and "Plaintiff's Answer to Ridgwell's Motion to Dismiss" [docket #46].

Finally, the relief Plaintiff seeks in the instant Motions is not available in this proceeding. In particular, Plaintiff's request that he be paroled is beyond the scope of appropriate relief in an action under 28 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 49 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) ("[A] § 1983 action will not lie when a state prisoner challenges the fact or duration of his commitment and seeks. . .a shortening of his term of confinement.").