IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

    Plaintiff,

v.

CAPTAIN KASTELIC,
DANIEL REIMER, and
LT. RIDGWELL,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Amended Motion for Subpoena of Discovery [filed May 22, 2013; docket #69]. With the Motion fully briefed, the Court determines that oral argument would not materially facilitate its adjudication of the matter. For the reasons set forth below, the Motion is **granted in part** and **denied in part** as stated herein.

**I.**      **Background**

Plaintiff, proceeding *pro se*, initiated this action on October 9, 2012. (Docket #1.) His claims arise from alleged threats and an assault by a fellow inmate. Plaintiff names the inmate (Daniel Reimer) as a Defendant in this action, as well as various prison officials who allegedly failed either to protect Plaintiff from the assault or to entertain Plaintiff's assertion of self defense during the disciplinary proceedings that followed. In total, Plaintiff's Complaint contains twelve causes of action against eight Defendants. (*Id.*) Upon review of the Complaint, Judge Babcock dismissed Plaintiff's eighth, ninth, and tenth claims, and dismissed Defendants Tom Clements, Corrections Corporation of America, and Warden Miller. (Docket #17.) Plaintiff voluntarily dismissed

Investigator Brownstein on April 8, 2012. (Dockets ##48,51.) With the dismissal of Investigator Brownstein, Plaintiff's twelfth claim became moot. (*See* docket #1.) Thus, Plaintiff proceeds on claims one, two, three, four, five, six, seven, and eleven against Defendants Kastelic, Reimer, and Ridgwell.

With the commencement of discovery, Plaintiff filed a motion asking the Court to serve subpoenas on Crowley County Correctional Facility ("CCCF"). (Docket #64.) In particular, Plaintiff sought several categories of documents, including duty rosters, various prison policies, incident reports, and personnel rosters pertaining to the alleged assault. The Court denied the motion without prejudice due to Plaintiff's failure to demonstrate his ability to pay for the documents or to obtain them for free. (Docket #66.)

Plaintiff renewed his request for subpoenas and discovery by filing the pending Motion on May 22, 2013. (Docket #69.) Along with the Motion, Plaintiff submitted a copy of his inmate account balance demonstrating that Plaintiff has ample funds to pay for the documents he seeks. (*Id*. at 6.) The Court ordered Defendants to respond to the motion by June 6, 2013, and permitted Plaintiff to file a reply no later than June 20, 2013. (Docket #72.) Although Defendants Kastelic and Ridgwell filed a timely response, Defendant Reimer filed nothing. (Docket #75.) Plaintiff submitted his reply on June 21, 2013. (Docket #79.) Pursuant to Fed. R. Civ. P. 6(d) and in consideration of Plaintiff's incarcerated status, the Court accepts Plaintiff's reply as filed.

**II.     Discussion**

Plaintiff's Motion seeks seven categories of discovery, which the Court identifies using the titles set forth the Motion: (1) Official Reports; (2) Duty Rosters; (3) Policies and Rules; (4) Identification of Witnesses; (5) [documents regarding] Shift Commander Kastelic; (6) [documents regarding] Inmate Daniel Reimer; and (7) [documents regarding] Lt. Ridgwell. (Docket #69.) The

Court will address each in turn.

Beginning with the Official Reports, the Court finds that Plaintiff's request for such documents is reasonably related to his claims in this action. Therefore, the Court will direct the issuance of a subpoena on CCCF to produce the three reports identified in this category. CCCF remains free to challenge Plaintiff's request in accordance with Fed. R. Civ. P. 45(c).

With regard to the Duty Rosters, the Court notes several deficiencies. First, as raised in Defendants' response, Plaintiff's request for the addresses of various corrections officers presents serious safety issues. Instead of addressing these safety issues in his reply, Plaintiff simply questions why his own safety was disregarded. Such rhetoric does not persuade the Court to permit discovery into this area, particularly when it considers the recent murder of Tom Clements, a former defendant in this case. More obviously, the names and addresses of various officers are not documents subject to production via a subpoena. The only document identified in the Duty Rosters category is the medical roster containing the names and addresses of persons working the evening shift on July 16-17, 2012. However, Plaintiff appears to seek this document only because it contains such contact information. Thus, the Court declines to order the issuance of subpoenas for any of the information set forth in the Duty Rosters category of Plaintiff's Motion.

The Policies and Rules category is more benign. Here, Plaintiff seeks policies pertaining to the Special Threat Group, inmate unit assignment, and security. The Court finds that such documents are reasonably related to Plaintiff's asserted claims and will direct the issuance of a subpoena to CCCF to produce the policies described in this category. The Court reiterates that CCCF may challenge Plaintiff's request in accordance with Fed. R. Civ. P. 45(c).

Plaintiff's request for the Identification of Witnesses is not properly suited for a subpoena to produce documents. Moreover, as noted above, the Court refuses to enter any orders requiring the

production of prison personnel's addresses at this time.  Thus, the Court will not direct the issuance of any subpoenas related the Identification of Witnesses as described in the Motion.

With respect to Plaintiff's requests for documents pertaining to Defendants Kastelic, Reimer, and Ridgwell, Plaintiff is entitled to discovery from each Defendant as provided by the Scheduling Order governing this litigation.  (*See* docket #42.)  A subpoena is not the proper mechanism for obtaining discovery from an existing party.  In the event Plaintiff cannot obtain the discovery he seeks from Defendants, he may file a motion to compel as set forth in Fed. R. Civ. P. 37.

**III.   Conclusion**

As described above, the Clerk of the Court is hereby directed to issue and serve a subpoena on CCCF requesting the following documents:

1. "First responders report to unit 3B, cell 5102, 7/16/12";

2. "Shift commander's action report of 'CODE BLUE' to unit 3B cell 5102, 7/16/12";

3. "Investigator Darren Cortese (office of the Inspector General) report of attack by inmate Daniel Reimer #98949, upon inmate Larry C. Miller #128008, in unit 3B, cell 5102, 7/16/12 . . .to include a copy of 31 photos of crime scene and both inmates";

4. "STG (Special Threat Group) housing policies and inmate requirements for being housed in STG cell";

5. "IN-PROCESSING -assignments of living unit criteria (who assigns housing?)"; and

6. "Security policy and rules related to known threat present 7/16/12, potential for violence due to population and history of complaints of violence and behavior."

All other requests for discovery contained in the Motion are inappropriate. Therefore, Plaintiff's Amended Motion for Subpoena of Discovery [filed May 22, 2013; docket #69] is **granted in part** and **denied in part** as stated herein.

Dated and entered at Denver, Colorado, this 25th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge