IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

    Plaintiff,

v.

CAPTAIN KASTELIC,
DANIEL REIMER, and
LT. RIDGWELL,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Kastelic's and Ridgwell's Motion to Compel Plaintiff's Responses to their First Set of Discovery Pursuant to Fed. R. Civ. P. 37(a) [filed July 23, 2013; docket #91]. The Motion is referred to this Court for disposition. (Docket #93.) With the Motion fully briefed[1], the Court determines that oral argument would not materially facilitate its adjudication of the matter. For the reasons set forth below, the Motion is **denied** as stated herein.

**I.    Background**

Plaintiff, proceeding *pro se*, initiated this action on October 9, 2012. (Docket #1.) His claims arise from alleged threats and an assault by a fellow inmate at Crowley County Correctional Facility ("CCCF"). Plaintiff names the inmate (Daniel Reimer) as a Defendant in this action, as well

---

[1] Pursuant to the Court's July 25, 2013 order setting a briefing schedule, Plaintiff filed a "Response to Court Regarding Defendant's Motion to Compel Discovery" on August 1, 2013. (Docket #100.) The Clerk of the Court originally filed the document under seal at Restriction Level 2; however, upon instruction from this Court, the Clerk of the Court reduced the Restriction to a Level 1. Because all parties can now access the filing, the Court construes it as Plaintiff's response to the pending Motion.

as various prison officials who allegedly failed either to protect Plaintiff from the assault or to entertain Plaintiff's assertion of self defense during the disciplinary proceedings that followed. In total, Plaintiff's Complaint contains twelve causes of action against eight Defendants. (*Id.*) Upon review of the Complaint, Judge Babcock dismissed Plaintiff's eighth, ninth, and tenth claims, and dismissed Defendants Tom Clements, Corrections Corporation of America, and Warden Miller. (Docket #17.) Plaintiff voluntarily dismissed Investigator Brownstein on April 8, 2012. (Dockets ##48,51.) With the dismissal of Investigator Brownstein, Plaintiff's twelfth claim became moot. (*See* docket #1.) Thus, Plaintiff proceeds on claims one, two, three, four, five, six, seven, and eleven against Defendants Kastelic, Reimer, and Ridgwell. As relief, Plaintiff's Complaint requests, *inter alia*, $1,000,000 in damages against Defendant Kastelic for allegedly "exacerbating [Plaintiff's] mental health issues (of record)." (*Id.* at 21.) With regard to Defendant Ridgwell, Plaintiff requests $550,000 in punitive damages, plus various forms of injunctive relief. (*Id.* at 22.)

Defendants Kastelic and Ridgwell (hereinafter "the CCCF Defendants") served their First Set of Discovery to Plaintiff on May 21, 2013. (Docket #91-1.) In addition to several interrogatories and requests for production of documents, the CCCF Defendants provided Plaintiff with various releases to sign and return. (*Id.*) Through the executed releases, the CCCF Defendants sought to acquire several categories of records from the Colorado Department of Corrections ("CDOC"), including criminal justice records, case management files, diagnostic assessments, security classifications, disciplinary proceedings, grievances, comprehensive medical and mental health records, and pharmacy records. (*Id.*) Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Plaintiff's responses were due on or before June 24, 2013.

In a letter dated July 2, 2013, the CCCF Defendants informed Plaintiff they had not received his discovery responses. (Docket #91-2.) The CCCF Defendants expressed particular concern

regarding Plaintiff's failure to execute and return the attached releases. (*Id*.) Plaintiff responded to the letter on July 10, 2013, indicating that mail had been delayed due to the CCCF Defendants' counsel's failure to comply with the prison facility's mail protocols. (Docket #91-3.) The CCCF Defendants re-mailed their discovery requests to Plaintiff on July 16, 2013, and asked Plaintiff submit his responses immediately. (Docket #91-4.)

Approximately one week after their last letter, the CCCF Defendants filed the pending Motion to Compel. (Docket #91.) Though the Motion is not entirely clear as to what discovery remains outstanding, it appears the CCCF Defendants seek to compel interrogatory responses, document production, and execution of the releases attached to the discovery requests. Plaintiff's response represents that he mailed copies of his discovery responses to the CCCF Defendants on June 17, 2013, and again on July 25, 2013. (Docket #100.) Plaintiff also attached the medical releases, which he executed as modified. (*Id*.)

The CCCF Defendants' reply in support of their Motion does not comment on the adequacy of Plaintiff's alleged discovery responses except with regard to the signed releases. On that point, the CCCF Defendants object that Plaintiff's modifications prevent the CCCF Defendants from accessing Plaintiff's psychological records. This concerns the CCCF Defendants because Plaintiff has alleged that the CCCF Defendants' conduct exacerbated his mental health issues. Thus, the CCCF Defendants request the Court order Plaintiff to execute unmodified releases, or alternatively, prohibit Plaintiff from seeking damages for any psychological harm he attributes to the CCCF Defendants as a result of the acts described in his Complaint.

**II.     Discussion**

Rule 26 permits discovery that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (2009). In addition, medical records fall within the

scope of confidential documents under Fed. R. Civ. P. 26(c), which can be addressed through the entry of an appropriate protective order. Notably, neither party has requested such an order in this action. Given the CCCF Defendants' apparent concession that Plaintiff has adequately responded to all conventional discovery requests, the Court directs its attention to the releases.

A review of cases addressing whether a court may order production of executed medical releases reveals a split of authority. The first view primarily looks to the plain language of Rule 34 to conclude that records not in the party's possession may not be compelled and that Rule 34 does not permit the Court to order the party's signature on a medical release form. *See, e.g., Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992); *see also Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998). The second view generally permits an order compelling a signature on a release form when the party has placed his or her medical condition at issue in the case. *See Williams v. NPC Int'l, Inc.*, 224 F.R.D. 612, 613 (N.D. Miss. 2004); *see also Adams v. Ardcor*, 196 F.R.D. 339, 344 (E.D. Wis. 2000). However, even courts that compel authorizations from the plaintiff typically require the defendant first to seek the documents directly from the third party who has custody of the documents. *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007) ("It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders"); *see also Johnson v. Kraft Foods North Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006) (same).

This Court has previously determined that authorization for the release of medical records should not be routinely compelled, even when it may be the most efficient manner for such discovery. *See Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, *2 (D.

4

Colo. Apr. 14, 2008) (unpublished). In *Cutting*, the Court ordered the plaintiffs to provide executed authorizations for medical records, but only after determining that such method would be more efficient since the matter involved more than 90 medical providers. *Id.* Conversely, where defendants sought production of medical records from only one provider, the Court has followed the reasoning of *Neal*, *Thorman*, and *Johnson* and required the defendant first to seek a plaintiff's medical records pursuant to Rule 45. *Morris v. City of Colo. Springs*, 09-cv-01506-PAB-MEH, 2009 WL 4927618, at *2 (D. Colo. Dec. 18, 2009). In *Morris*, Court indicated it would entertain a motion to compel the relevant medical releases only upon failure of the subpoena. *Id*.

In this case, like *Morris*, the CCCF Defendants seek production of Plaintiff's records from a single entity: CDOC. (Docket #91-1 at 9-12.) The CCCF Defendants do not indicate whether they have attempted to procure such records from CDOC directly, nor have they identified any other special circumstances necessitating production by this means. In accordance with the Court's previous rulings on the issue, the Court declines compel execution of unmodified medical releases unless and until the CCCF Defendants demonstrate that they are unable to obtain the documents they seek with a Rule 45 subpoena.

## III.    Conclusion

To the extent Defendant Kastelic's and Ridgwell's Motion to Compel Plaintiff's Responses to their First Set of Discovery Pursuant to Fed. R. Civ. P. 37(a) [filed July 23, 2013; docket #91] seeks to compel execution of unmodified medical releases, it is **denied** at this stage in the litigation.

Dated and entered at Denver, Colorado, this 16th day of August, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge