IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

      Plaintiff,

v.

CAPTAIN KASTELIC,
DANIEL REIMER,
LT. RIDGWELL,
INVESTIGATOR BROWNSTEIN,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 10, 2014.**

      Defendants Kastelic's and Ridgwell's Motion to Strike Plaintiff's Motion for Summary Judgment as Untimely, or, in the alternative, Motion to Stay their Response until the Court Rules on Plaintiff's January 2, 2013 Combined Motions [filed January 3, 2014; docket #151] is **granted**.

      The dispositive motions deadline in this case was November 2, 2013. (Docket # 94.) With his response to Defendants' timely motion for summary judgment, Plaintiff filed a [Cross] Motion for Summary Judgment on December 13, 2013, well past the scheduled deadline. (Docket #103.)

      On January 2, 2014, Plaintiff filed a Motion to Strike Previously Filed Response to Motion for Summary Judgment and Cross-Motion for Summary Judgment and Motion for Enlargement of Time to File Amended Response and Cross-Motion for Summary Judgment. (Docket #151.) The Court construed that motion as a request to file a surreply brief in support of Plaintiff's response to Defendants' motion for summary judgment, and granted Plaintiff an opportunity to file a surreply on or before January 21, 2014. Although Plaintiff sought an enlargement of time in that motion, his request derived from a motion to strike the cross motion; the request for an enlargement of time mentioned nothing about the timeliness of his cross motion and, thus, could not be construed as a request to file the untimely cross motion under Fed. R. Civ. P. 6(b)(1)(B).

      Thus, the Court **strikes** Plaintiff's Motion for Summary Judgment [filed December 13, 2013; docket #143] as untimely. The Court's ruling does not preclude Plaintiff from seeking leave to file the motion for summary judgment out of time for good cause, upon a showing that he failed to act because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Because the Court grants the relief sought, it is unnecessary to address the alternative request for relief.