IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

    Plaintiff,

v.

CAPTAIN KASTELIC, Shift Commander CCF,
INMATE DANIEL REIMER #98949, CCCF/Denver Parole, and
LT. RIDGWELL, CCCF-5 Hearings Officer,

    Defendants.

## ORDER ADOPTING AND AFFIRMING APRIL 3, 2014 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the April 3, 2014 Recommendation by United States Magistrate Judge Michael E. Hegarty that Defendants Kastelic and Ridgwell's Motion for Summary Judgment (Doc. # 140) be granted. (Doc. # 178.) Specifically, Judge Hegarty recommends that Plaintiff's failure to protect and due process claims be dismissed.[1] (*Id.*) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On May 8, 2014, Plaintiff filed objections to the Recommendation (Doc. # 183), to which Defendants Kastelic and Ridgwell responded on May 19, 2014, (Doc. # 184).

---

[1] Plaintiff initially brought twelve claims against seven defendants. Claims 8, 9, 10, and 12 have been dismissed. (Doc. ## 17, 51.) Defendants Kastelic and Ridgwell filed the present Motion for Summary Judgment on claims 7 and 11. (Doc. # 140.) The remaining claims, 1 through 6, involve state law and are brought against Defendant Reimer. *See* (Doc. # 1.)

"When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the instant case, Plaintiff objects to Magistrate Judge Hegarty's recommendation that the Court grant summary judgment on his failure to protect claim.[2] In doing so, Plaintiff raises several improper objections that merely reiterate arguments that were before Judge Hegarty at the time his Recommendation issued. First, Plaintiff objects to two findings of facts that Judge Hegarty relied upon in rendering his decision. The first fact is that Plaintiff informed Defendant Kastelic that Plaintiff had been threatened and wished to be moved, and Defendant Kastelic replied, "There are no protective units in this facility and if you refuse your (assigned) room, I will put you in segregation." (Doc. # 178 at 2.) Plaintiff objects to this fact as unsupported because "[t]here is no sworn affidavit from Defendant Kastelic that swears this is what he stated." (Doc. # 183 at 1.) However, that fact, including the quote attributed to Defendant Kastelic comes directly from Plaintiff's complaint. (Doc. # 1 at 14); *see Adams v. Dyer*, 233 F. App'x 757, 764 (10th Cir. 2007) (In the summary judgment context, a *pro se* litigant's verified complaint may be treated as an affidavit as long as it satisfies the standards for affidavits outlined in Fed. R. Civ. P. 56). The second fact that Plaintiff

---

[2] Plaintiff makes no objection to Judge Hegarty's recommendation that the Court also grant summary judgment on the due process claim.

objects to involves Judge Hegarty's finding that Plaintiff and Defendant Reimer got into an altercation. (Doc. # 178 at 3.) Although Plaintiff does not dispute this fact, he further asserts that he was "assaulted and that he had to act in self-defense." (Doc. # 183 at 2.) However, whether Plaintiff acted in self-defense is not material or relevant to whether Defendant Kastelic failed to protect him from harm. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under the governing substantive law).

More generally, Plaintiff disputes that Judge Hegarty drew reasonable inferences from the facts in favor of Plaintiff. The Court disagrees with this characterization of the recommendation. Indeed, many of the factual findings were taken directly from Plaintiff's complaint. Plaintiff further contends that Judge Hegarty "fails to acknowledge that circumstantial evidence as well as unanswered questions in the moving party's motion can create issues of material fact which in turn can bar summary judgment." (Doc. # 183 at 2.) Yet, Plaintiff does not identify what "circumstantial evidence" or "unanswered questions" preclude summary judgment, other than those issues already considered by Judge Hegarty in his recommendation. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (It is the non-moving party's burden to show there are genuine issues of material fact to be determined).

Next, Plaintiff objects to Judge Hegarty's observation that Plaintiff "states he was placed in a special threat group pod" on the basis that (1) there is no proof of this; and (2) "the crux of the issue was not [the unit's classification]; but rather whether Capt. Kastelic failed to take reasonable measures to protect him once he was aware of

Plaintiff being in danger." (Doc. # 183 at 3.) Again, these findings came directly from Plaintiff's complaint. *See* (Doc. # 1 at 3) ("I was mistakenly housed in Unit 3B (a special threat group – STG pod) . . . ."); *Adams*, 233 F. App'x at 764. Whether Defendant Kastelic failed to protect Plaintiff from harm is the issue Judge Hegarty addressed in his recommendation.

With respect to Judge Hegarty's observation that Plaintiff failed to allege that Defendant Kastelic knew Defendant Reimer was a member of a gang, Plaintiff asks, "what difference [does] this actually make[ ?]" (Doc. # 183 at 3.) Defendant Reimer's gang membership is a fact asserted in Plaintiff's own complaint. (Doc. # 1 at 3.) Judge Hegarty properly considered this fact, among others, to determine whether Plaintiff demonstrated that Defendant Kastelic "consciously disregard[ed] a substantial risk of harm." (Doc. # 178 at 9) (citing *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (unpublished)).

Plaintiff contends that summary judgment is inappropriate because he advised Defendant Kastelic that he was in danger and Defendant Kastelic took no measure to "abate that risk", and instead, allegedly advised Plaintiff to "man up". (Doc. # 183 at 3.) However, Plaintiff fails to recognize that is it not enough that he informed Defendant Kastelic of potential harm. "Deliberate indifference requires that the defendant's conduct is in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow or that the conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Verdicia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003). Judge Hegarty properly considered

Plaintiff's argument that Defendant Kastelic failed to protect Plaintiff in the recommendation and rejected it based on relevant case law.  (Doc. # 178 at 4-5, 8-12.)

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, Plaintiff's objections, and Defendants Kastelic and Ridgwell's response.  Based on this *de novo* review, the Court concludes that Judge Hegarty's well-reasoned analysis is correct and summary judgment is granted on Plaintiff's claim 7 (failure to protect) and claim 11 (due process).

Having determined that summary judgment will enter on these claims, the remaining claims against Defendant Reimer appear to arise under state law.  *See* (Doc. # 1 at 8-13 (alleging claims for physical assault, extortion and theft, threats and intimidation, assault against an at-risk inmate, hate crime, attempted murder).  The Court has discretion to dismiss or remand the case upon dismissal of all claims over which it has original jurisdiction.  *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (district courts have discretion to dismiss or remand cases to state court after federal claims have been dismissed and only pendant state law claims remain), *superseded by statute*, 28 U.S.C. 1367(c)(3) (enacted 1990) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction").  Because all of the federal claims have been dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 183) is OVERRULED.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Michael E. Hegarty (Doc. # 178) is AFFIRMED and ADOPTED as an order of this Court.  Pursuant to the Recommendation.  It is

FURTHER ORDERED that Defendants Kastelic and Ridgwell's Motion for Summary Judgment (Doc. # 140) is GRANTED.  It is

FURTHER ORDERED that Plaintiff's failure to protect (claim 7) and due process (claim 11) claims are DISMISSED WITH PREJUDICE.   It is

FURTHER ORDERED that this action is REMANDED to the District Court, Fremont County, Colorado, for further proceedings related to Plaintiff's state law claims against Defendant Reimer.

DATED:  May 23, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge