IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

    Plaintiff,

v.

CAPTAIN KASTELIC,
DANIEL REIMER,
LT. RIDGWELL, and
INVESTIGATOR BROWNSTEIN,

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (# 202) AND DENYING REQUEST TO VACATE IN # 207**

This matter is before the Court on Plaintiff's Objections to Bill of Costs and Motion for Waiver of Costs (Doc. # 202) and Motion for Court Review of Bill of Costs (Doc. # 207). Because it was reasonable and necessary for Defendants to obtain a copy of Plaintiff's deposition transcript and make copies, Plaintiff's Objections are overruled; and the Motion is denied.

**I.  BACKGROUND**

On May 23, 2014, the Court entered an order adopting and affirming the April 3, 2014 Recommendation of United States Magistrate Judge Hegarty that summary judgment be granted in favor of Defendants Kastelic and Ridgwell ("Defendants"). (Doc.

# 185.)  After prevailing on summary judgment, Defendants filed a proposed Bill of Costs seeking $1,187.07 in taxable costs on June 23, 2014.  (Doc. # 199.)  On July 3, 2014, Plaintiff filed his Objections to Bill of Costs.  (Doc. # 202.)  Plaintiff objected to the costs associated with Defendants conducting his deposition ($517.50), telephone calls ($12.15), copies ($214.70), and the travel expenses incurred when Defendants traveled to retrieve Plaintiff's file at the Colorado Department of Corrections ($133.33).  (*Id.*)

Following the filing of Plaintiff's objections, on July 16, 2014, the parties attended a telephonic hearing with the Clerk of the Court.  During this hearing, the Clerk removed the fees associated with the telephone calls, Pacer filing fees, and the travel expenses incurred when Defendants traveled to retrieve Plaintiff's file.  The Clerk awarded $946.15 as taxable costs.  (Doc. # 205.)  On July 23, 2014, Plaintiff filed his Motion for Review of Bill of Costs, in which Plaintiff requested the award of costs for his deposition transcript be vacated.  (Doc. # 207.)

## II.  ANALYSIS

Because the Clerk removed the fees associated with the telephone calls and the expenses incurred when Defendants traveled to retrieve Plaintiff's file, the Court need not address Plaintiff's objections concerning those costs.  The Court will address Plaintiff's objections regarding the costs for Plaintiff's deposition transcript and copies made during the case.

1. **DEPOSITION TRANSCRIPT**

Plaintiff argues that the award of costs for his deposition should be vacated as it was purely investigatory and not necessary to argue whether a motion for summary judgment should be granted.[1]  (Doc. # 207.)  Defendants assert that Plaintiff's deposition transcript "was a key, if not the key, piece of evidence" used to support Defendants' motion for summary judgment.  (Doc. # 208.)

Pursuant to Fed.R.Civ.P. 54(d)(1), courts should award costs other than attorney's fees to a prevailing party.  The Tenth Circuit has held that Rule 54 creates a presumption in favor of awarding costs—even when the prevailing party is a defendant in a civil rights case. *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). Only costs that are "reasonably necessary" for litigation are taxable. *See Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987).  The Court has discretion to award costs under the Rule.  *See Mitchell*, 218 F.3d at 1205.  When determining costs related to summary judgment, one indication whether a cost is reasonably necessary is whether the parties or the court actually used the item in deciding the motion for summary judgment. *See Merrick v. Norther Nat. Gas Co.*, 911 F2.d 426, 435 (10th Cir. 1990).  "As to the cost of Plaintiff[']s deposition transcript, there are few, if any, situations in which a defendant's costs from taking a plaintiffs deposition in a private suit between individual litigants would not be reasonably necessary for use in the case." *Dawson v. Johnson*,

---

[1] Plaintiff's citation to *Rayburn v. Wady Indus., Inc.*, No. C07-1008, 2008 WL 4643947 (N.D. Iowa Oct. 17, 2008) is misplaced as *Rayburn* concerned the issue of whether court reporter fees associated with a deposition were "necessarily obtained for user in the case."

No. 03-CV-0466ZLW, 2007 WL 1670355, at *1 (D. Colo. June 6, 2007) (internal quotation marks omitted).

The Court finds that it was reasonable and necessary for Defendants to obtain a copy of Plaintiff's deposition transcript in this case. Both parties cited to Plaintiff's deposition in their summary judgment briefings and Defendants assert it "was a key, if not the key, piece of evidence" used to support their motion for summary judgment. Thus, the Court finds that the taxation of costs related to Plaintiff's deposition is entirely appropriate.[2]

## 2.   COPIES

Plaintiff next objects to being charged for copies in the amount of $214.70 because he claims "there certainly were not over 2000 pages of copies provided[;] and Defendants have not itemized how they came up with any of the figures requested." (Doc. # 202.) Defendants assert that the costs submitted in their Cost and Expense History (Doc. # 204-1), which includes copying charges, "were necessarily incurred." (Doc. # 204.)

Section 1920 allows the Court to tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). As with other costs, defendants bear the burden of demonstrating that the requested copies were "reasonably necessary for use in the

---

[2] Plaintiff confuses Defendants' Reply in Support of their Bill of Costs for an Amended Bill of Costs. Because there was no Amended Bill of Costs submitted by Defendants, the Court need not address Plaintiff's assertion that "by not serving him a proper and timely Amended Bill of Costs, that the action was in fact untimely and should result in the entire award of costs being reversed." (Doc. # 207.)

case." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) (citation omitted).

In Defendants' Bill of Costs, they claim that the $214.70 was the total amount for "[a]ll relevant copies made throughout the duration of the case." (Doc. # 199.) Although Defendants do not specify all the documents that were copied, the Tenth Circuit does not require justification for each copy that is made, and it does "not think that the burden to justify copies is a high one." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998). Moreover, Defendants seek reimbursement at the rate of only ten cents per copy, which the Court finds to be reasonable.

Plaintiff further requests that any award of costs be stayed pending appeal as he is indigent and will have sufficient difficulty paying the filing fees associated with his appeal. (Doc. # 202, ¶ 4.) However, he has filed no supersedeas bond pursuant to Fed.R.Civ.P. 62(d). Therefore, Plaintiff's request is denied without prejudice. *See Dawson v. Johnson*, No. 03-CV-0466ZLW, 2007 WL 1670355, at *1 (D. Colo. June 6, 2007).

Accordingly, it is hereby ORDERED that Plaintiff's Objections to Bill of Costs (Doc. # 202) are OVERRULED and his request for a stay of the award of costs is DENIED WITHOUT PREJUDICE. It is

FURTHER ORDERED that Plaintiff's request, in the Motion for Court Review of Bill of Costs (Doc. # 207), to vacate the award of costs is DENIED.

DATED: February __05__, 2015

BY THE COURT:

6

_____
CHRISTINE M. ARGUELLO
United States District Judge