IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02677-CMA-MEH

LARRY C. MILLER,

      Plaintiff,

v.

CAPTAIN KASTELIC,
DANIEL REIMER, and
LT. RIDGWELL,

      Defendants.

---

## RECOMMENDATION TO APPOINT COUNSEL

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 6, 2015.**

This matter comes before the Court *sua sponte*. The Tenth Circuit issued an order today determining that Plaintiff has presented sufficient evidence to create a genuine dispute of material fact, and remanding the case for further proceedings. (Docket #212.)  Pursuant to the Court's Pilot Program to Implement a Civil Pro Bono Panel, Section III(B)(3), "the presiding judge will evaluate a prisoner pro se litigant's case for appointment of counsel either on motion by the litigant or on the judge's own initiative[.]"  In making this determination, the Court applies the following four factors:

(a)    the nature and complexity of the action;

(b)    the potential merit of the pro se party's claims;

(c)    the demonstrated inability of the pro se party to retain counsel by other means; and

(d)    the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

First, two courts have reached different conclusions in their interpretation the facts, demonstrating that the facts in this case are complex.  Second, the Tenth Circuit's order makes clear that Plaintiff's allegations have potential merit and raise a genuine issue of material fact.  Third, early on in this case Plaintiff moved for appointment of counsel, and the Court granted in part and denied in part that request. (Docket #25.) The Court  placed Plaintiff's case on the list of *pro se* cases for which the Court is seeking volunteer counsel, but denied the request in that the Court did not appoint counsel directly. (*Id.*) Despite placing the case on the volunteer counsel list, Plaintiff did not obtain counsel. With regard to the final factor, the Court finds it is in the interest of justice to appoint counsel to assist Plaintiff in preparation for trial, and the Court would also benefit from the assistance of appointed counsel.

2

In sum, all four factors weigh in favor of appointing counsel.  Because this decision to appoint counsel is ultimately that of the presiding judge under the Pilot Program rules, this Court **recommends** the District Court direct the Clerk of the Court to appoint counsel for Plaintiff in this case.